**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

In re:

      JEFFREY S. DAVIDSON,                     Chapter 7

                   Debtor.                Case No. 23-11130

---

JEFFREY S. DAVIDSON,

                   Plaintiff

      against                          Adversary No. 23-90018

JOHN B. CARNETT, IV.,

                   Defendant

---

## OBJECTION TO MOTION FOR SANCTIONS

    Elizabeth Fairbanks-Fletcher, Esq., of counsel, states the following in opposition to Defendant JOHN B. CARNETT, IV.'s Motion for Sanctions and states as follows:

1. Defendant filed this motion with a return date of two days. If the request was urgent, Defendant should have proceeded by an Order to Show Cause and have the Court set a return date earlier than what is provided by the Code. As such, the Court should strike Defendant's motion.

2. However, should this Court elect to proceed with consideration of this motion, the purpose of Fed. R. Civ. P. 11 is to "deter baseless filings in district court." *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393 (1990). Rule 9011, as applicable to *pro se* parties as it is with attorneys, states that the pleadings cannot be for the purpose to "harass or to cause unnecessary delay or needless increase in the cost of litigation" and must be "warranted by existing law or by a nonfrivolous argument" for a change in the law…" Fed. R. Bankr. P. 9011(b)(1), (2). It is evident by reading Defendant's pleadings that he is harassing the Plaintiff and counsel, thereby causing delay to entry of the discharge. Further, Defendant is appearing *pro se,* so the only party paying the price for Defendant's numerous, baseless pleadings is Plaintiff, as he continues to incur legal expenses and

costs while at the same time trying to extinguish the burdensome debt that prompted the Chapter 7 filing.

3.  In his Motion for Sanctions (D.N. 16), Defendant seems to conflate numerous issues. First, it appears he seeks sanctions because the Statement of Financial Affairs was amended post-filing to add Defendant as an "Insider." The "Insider" classification on the Statement of Financial Affairs had merit at the time the amendment was filed. Despite Defendant's recitation of what Trustee Marc Ehrlich stated during the December 12, 2023 §341 meeting, the trustee and I had further discussions *post*-341 meeting as to whether Defendant was an insider. On December 14, 2023, Trustee Ehrlich requested I provide him with copies of the checks to Defendant. Plaintiff had to secure copies from the bank, which took time. Although my client stated he personally paid Defendant back after Defendant's pre-petition harassment, the checks had come from the Plaintiff's LLC bank account. Once the trustee and I again conferred on the matter on January 9, 2024, we agreed Defendant no longer qualified as as an insider. I immediately amended the Statement of Financial Affairs to remove the insider status on January 10, 2024 (#23-11130, D.N. 21). This eventual change to remove the insider status does not negate that during the intervening time, the trustee was also investigating Defendant as an insider.

4.  Second, it appears Defendant seeks sanctions so he can have this court order the Adversary Proceeding "dismissed with prejudice" to clear the way for a 2004 Examination of the Debtor. Again, as stated in our prior objection to the 2004 Examination (D.N. 18), the sole purpose of this 2004 Examination request is for Defendant to further harass Plaintiff in an unfettered arena and to run up his attorney fees as part of Defendant's game to punish Plaintiff for filing for bankruptcy.

5.  Moreover, it is simply illogical that Defendant seeks to have Plaintiff's Adversary Proceeding to determine the dischargeability of this debt ordered dismissed with prejudice but contemporaneously wants his Motion to Extend Time granted to, essentially, have time to file the same Adversary Proceeding to determine the dischargeability of this debt. It is respectfully submitted that Defendant's purpose with each of these filings is to harass Plaintiff because Defendant's debt will be discharged. In short, the more motions he files, the more post-petition debt Plaintiff will incur for legal work in filing objections and appearing at hearings, the farther out Plaintiff's discharge

and closing of the case will be so Plaintiff suffers without a fresh start, and the more Plaintiff can be punished for listing Defendant's debt in his bankruptcy.

6.  Therefore, based upon the foregoing, and all the other pleadings and filings in both the main case and the Adversary Proceeding, Defendant's Motion for Sanctions should be dismissed in its entirety. Further, as stated in our previous objections (#23-11130, D.N. 18; 26) his motions for a 2004 Examination and to Extend Time to Object to Discharge should be denied, and Defendant should be directed to file an Answer in the Adversary Proceeding.

7.  Your affiant is trying to be pragmatic about Defendant's filings in these matters, but it is evident he is wasting the Court's time and my client's limited funds. Therefore, Plaintiff respectfully requests the Court prohibit the Defendant from filing additional pleadings without first seeking Court permission. Fed. R. Civ. P. 11(c)(3), (4).

8.  Additionally, it is respectfully submitted that since the "Insider" claim on the Statement of Financial Affairs was removed on January 10, 2024, well before Defendant's motion for sanctions was filed on February 5, 2024, that this Court award Plaintiff's counsel reasonable expenses, including attorney's fees, incurred in the defense of this motion. Fed. R. Civ. P. 11(c)(2).


   **WHEREFORE**, Plaintiff requests the relief requested herein, together with such other and further relief as to the Court seems just and proper.


Dated:  February 6, 2024                    FAIRBANKS FLETCHER LAW PLLC
        Saratoga Springs, NY                /s/ Elizabeth Fairbanks-Fletcher, Esq. 513317
                                            178 Elm St., Suite 4, Saratoga Springs, NY 12866